J-S04004-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| RAHEEM HAZZARD, | |
| Appellant | No. 1634 EDA 2016 |

Appeal from the Judgment of Sentence July 20, 2015
In the Court of Common Pleas of Delaware County
Criminal Division at No(s): CP-23-CR-0001412-2015

BEFORE: SHOGAN and OTT, JJ., and STEVENS, P.J.E.[*]

MEMORANDUM BY SHOGAN, J.: **FILED FEBRUARY 24, 2017**

Appellant, Raheem Hazzard, appeals from the judgment of sentence entered on July 20, 2015, as made final by the order finding him to be a sexually violent predator ("SVP") on April 28, 2016. We affirm.

The trial court summarized the history of this case as follows:

**FACTUAL HISTORY:**

The instant case involves the Appellant, a 21-year old man who has engaged in a sexually abusive course of conduct with a child under the age of 13 who is his niece. The minor victim reported to police that she had been sexually assaulted by the Appellant on two occasions. The first incident occurred when she was 11-years-old and at her father's residence in Philadelphia, PA. The victim stated that she was on her side sleeping on a mattress in the home when she was awakened by pain emanating from her vagina. She stated that her pants and

---

[*] Former Justice specially assigned to the Superior Court.

underwear were down and that her uncle, the Appellant, had his penis inside of her vagina. She stated that when she could no longer tolerate the pain, she stood up and went upstairs to her sister's bedroom. She was crying and the Appellant came upstairs and asked her if she was okay.

The second incident occurred when the victim was 14-years-old during the spring of 2014, when she was visiting her father's new residence in Parkside, Delaware County, Pennsylvania. The victim stated she was in the basement of the home when the Appellant offered her an alcoholic beverage, which she declined. The Appellant then offered her a cigar to smoke, which she did. The Appellant asked her to sit down on the couch where he proceeded to pull down her pants and undergarment. The victim related that the Appellant performed oral sex on her vagina. The victim reported that the Appellant heard a noise and thought someone was coming so he went upstairs to check. The victim pulled up her pants and went upstairs. The Appellant said to the victim repeatedly: "Any time you want me to do it just tell me."

## PROCEDURAL HISTORY:

On April 17, 2015, Jeffrey Bauer, Esquire, Assistant Public Defender, entered his appearance on behalf of the Appellant. On July 20, 2015, the Appellant entered a negotiated guilty plea to Involuntary Deviate Sexual Intercourse with a Child, and was sentenced according to the recommended sentence offered by the Commonwealth of: 6 to 12 years SCI and 5 years consecutive state probation.

On January 19, 2016, an SVP Hearing was held. On January 19, 2016, the Appellant filed a "Motion for Reconsideration of Sentencing". On January 25, 2016, the Court issued an Order denying the Motion for Reconsideration. On April 28, 2016, the court filed an Order and Findings determining that Appellant is determined to be a Sexually Violent Predator under 42 Pa.C.S. Section 9799.24. On May 26, 2016, the Appellant filed a timely Notice of Appeal.

\* \* \*

## The Sexually Violent Predator Hearing:

After Appellant's conviction, this Court, pursuant to the provisions of 42 Pa.C.S. § 9799.24, ordered Appellant be assessed by the Pennsylvania Sexual Offenders Assessment Board (SOAB) to determine if Appellant met the criteria set forth in the law for a Sexually Violent Predator. Upon receipt of the Order from the Court, the Board designated Board member Melanie Cerone, Ph.D., a licensed psychologist, to make the assessment of Appellant to determine whether he is a Sexually Violent Predator.

Dr. Cerone completed a written report and her findings were submitted to the Court. In her report, she outlined the facts she considered relevant to each factor, as more fully set forth in her written report. After review of the Board's report, a Hearing was held on January 19, 2016, to assist the Court in making an accurate determination as to whether Appellant should be deemed a Sexually Violent Predator. Dr. Cerone's Report was admitted into evidence without objection as Commonwealth's Exhibit, C-1 at the SVP Hearing. (N.T. 1/19/16 p.24). **This was uncontroverted evidence, as the Appellant did not produce any witnesses at the SVP Hearing.**

In preparation for her report, Dr. Cerone interviewed the Appellant on October 2, 2015. Dr. Cerone completed a report and submitted findings to this Court. See Commonwealth's Exhibit, C-1. Dr. Cerone reviewed *inter alia*: the S.O.A.B. (sexual offenders assessment board) investigator's report, court order, defense response, investigator's report, police criminal complaint, affidavit of probable cause, police incident report, victim's medical/treatment reports, transcript of proceedings-3/4/15, juvenile probation records, psychiatric and psychological evaluations from August of 2013, substance abuse evaluation from 2013, and a letter from the Appellant to the Judge.

Dr. Cerone's report included the following:

1. The Appellant has demonstrated significant antisocial behavior as a juvenile and adult. He has a criminal history of multiple arrests and convictions for a variety of criminal offenses. The Doctor noted that the victim of both of the Appellant's adult assault cases was his mother. In the case of the arrest on 6/9/12, the police report indicated [Appellant] was found naked, on top of his mother,

and with his hands around her neck. When questioned about this incident, Appellant recalled that he was getting into the shower when his mother began bothering him to give her money. He stated that when he refused, she broke into the bathroom and began hitting him. He stated he did not have time to put clothes on before restraining her in an effort to protect himself. The totality indicates antisocial behavior. Further, the multiple criminal offenses go toward a mental abnormality. Appellant meets the criteria for a DM-5 diagnosis of Antisocial Personality Disorder.

2. Dr. Cerone concluded that the Appellant's acts were predatory. In the instant offense, the Appellant sexually assaulted his 11-year-old niece while she was sleeping. He sexually assaulted her on a second occasion three years later. The Appellant has repeatedly victimized this young child, and has used his position as a trusted family member to do so, it is indicative of predatory behavior. Dr. Cerone opined that the Appellant has established a pattern of predatory offending and his behavior meets the statutory definition of predatory behavior.

3. Dr. Cerone opined that the Appellant suffers from two mental abnormalities, deviant sexual interest and antisocial personality disorder. The Appellant is a 21-year old man who has engaged in a sexually abusive course of conduct with a child under the age of 13. The Appellant's case involves two separate acts of sexual abuse upon his niece, one occurring when his niece was approximately age 11, the other occurring at approximately age 14. Dr. Cerone concludes that the Appellant's sexual interest in a child of such an age is indicative of deviant sexual interest.

4. As to Antisocial Personality Disorder, Dr. Cerone reported that the Appellant suffers from Antisocial Personality Disorder as described within the DSM-5. The Appellant has demonstrated significant antisocial behavior as an adult. Dr. Cerone reviewed the Appellant's lengthy history of arrests and

- 4 -

adjudications/convictions as both a juvenile and adult. Dr. Cerone concludes that it is indicative of antisocial personality disorder because the Appellant continues to engage in unlawful behavior, knowing the risks to his freedom, and in spite of the opportunities he has had to engage in rehabilitative measures. The Appellant advised Dr. Cerone that he was diagnosed with Schizophrenia when he was 17 or 18 years of age. The Appellant self–reported during his interview with Dr. Cerone, that he was suspended from high school "over 80 times" and was ultimately expelled at age 16 for beating another male student to a "bloody pulp". Dr. Cerone concluded that the Appellant has a "history of irritability and aggression". Dr. Cerone found the Appellant to be remorseless and completely without understanding or empathy in regard to how his actions have affected his victims.

5. Dr. Cerone's report, Commonwealth's Exhibit, C-1, evidenced her determination that Appellant is a Sexually Violent Predator after taking into account such factors that are outlined in 42 Pa.C.S. § 9799.24. Dr. Cerone determined that the Appellant met the statutory definition of a Sexually Violent Predator. Dr. Cerone concluded: "it is this Board Member's professional opinion within a reasonable degree of professional certainty that Mr. Hazzard (Appellant) meets the criteria to be classified as a Sexually Violent Predator under the Act.["] (C-1 p.10).

6. After the Hearing, this Court, based on all the evidence submitted at the Hearing, the Board's assessment, and this Court's independent review, concluded that Appellant met the criteria and shall be classified as a Sexually Violent Predator. The Commonwealth has proven by clear and convincing evidence that Appellant is a Sexually Violent Predator. 42 Pa.C.S. Section 9799.24.

7. The Commonwealth proved by clear and convincing evidence that Appellant suffers from a mental abnormality or personality disorder that

makes Appellant likely to engage in predatory sexually violent offenses. The evidence confirms proof of a mental defect or personal disorder, which is an indication of Appellant's further dangerousness.

8. The credible testimony confirmed the following:

a. Records indicate that the Appellant's instant offense involved one female child victim.

b. The Appellant did not exceed the means necessary to achieve the offense.

c. In the first offense, the victim awoke to the Appellant having a vaginal intercourse with her. On the second occasion, the Appellant performed cunnilingus on the victim after offering her alcohol and a cigar.

d. The Appellant is the victim's paternal uncle.

e. The Appellant is a 21-year old man who has engaged in a sexually abusive course of conduct with a child under the age of 13. The victim of the instant offense was 11 years of age at the time of the first offense and 14 years of age at the time of the second offense. Having prepubescent victims is consistent with deviant sexual interest for sexual offenders. This is indicative of predatory behavior.

f. The Appellant has a prior criminal history as a juvenile and adult. The Appellant's criminal history is reflective of his antisocial nature.

g. Records indicate that the Appellant has a history of substance and alcohol abuse.

h. Dr. Cerone reported that the Appellant meets DSM-5 diagnostic criteria for antisocial personality disorder. The Appellant has demonstrated no remorse for his behavior. He has projected blame onto his victim and demonstrated a lack of empathy towards her.

i. The Appellant has a history of depression and substance abuse.

j. It is Dr. Cerone's clinical opinion that the Appellant has followed both sexually deviant and antisocial pathways to sexual offending.

k. It is Dr. Cerone's professional opinion within a reasonable degree of professional certainty that the Appellant suffers from a Mental Abnormality or Personality Disorder as defined in the Act.

l. In addition, it is Dr. Cerone's opinion, to a reasonable degree of professional certainty, that the Appellant currently meets the criteria set forth in the law for Sexually Violent Predator.

9. Although the Appellant did not meet every one of the factors, Dr. Cerone opined:

[t]he Act requires the Board to consider 14 factors during the course of the assessment... the factors are not to be used for risk assessment, the factors cannot be balanced against each other, and SVP status may be based upon the presence of factors, while the absence of factors is not conclusive.

Dr. Cerone's Report, C-1, p.7.

10. The Court found Dr. Cerone's Report to be credible. Dr. Cerone's conclusion was clear, direct, weighty and convincing and demonstrated that Appellant suffers from a mental abnormality and mental disorder or personality disorder that makes him likely to engage in predatory sexual violent offenses.

11. After the Hearing, the Court, based on all the evidence submitted at the Hearing, the Board's assessment, and the Court's independent review,

> concluded that Appellant met the criteria and shall be classified as a Sexually Violent Predator. The Commonwealth established by clear and convincing evidence that Appellant is a Sexually Violent Predator, 42 Pa.C.S. §9799.24.

Trial Court Opinion, 8/19/16, at 1-6 (emphasis in original). Both Appellant and the trial court have complied with Pa.R.A.P. 1925.

Appellant presents the following issue for our review:

> Whether the evidence is insufficient to sustain the sexually violent predator designation since the Commonwealth failed to prove, by clear and convincing evidence, that Appellant acted due to a mental abnormality or personality disorder that makes him likely to reoffend or engage in predatory sexually violent offenses?

Appellant's Brief at 11 (italics removed).

In his sole issue, Appellant challenges his classification as an SVP. Appellant's Brief at 17-22. Appellant alleges that there was evidence that supported a determination that he did not meet the SVP criteria because it was not established that he suffers from a mental abnormality or personality disorder. *Id*. at 18-20. In addition, Appellant contends that the Commonwealth failed to establish that there is a likelihood that he would reoffend. *Id*. at 20-22. Appellant concludes the trial court erred in ruling the Commonwealth demonstrated by clear and convincing evidence that he is an SVP. *Id*. at 22.

An SVP is defined as:

> an individual convicted of [a sexually violent offense as set forth in 42 Pa.C.S. section 9799.14 (relating to sexual offenses and tier system) and who], is determined to be a sexually violent

predator under [42 Pa.C.S.] section 9799.24 (relating to assessments) due to a mental abnormality or personality disorder that makes a person likely to engage in predatory sexually violent offenses.

42 Pa.C.S. § 9799.12. A "mental abnormality" is "[a] congenital or acquired condition of a person that affects the emotional or volitional capacity of the person in a manner that predisposes that person to the commission of criminal sexual acts to a degree that makes the person a menace to the health and safety of other persons." *Id*. "Predatory" conduct is "an act directed at a stranger or at a person with whom a relationship has been instituted, established, maintained, or promoted, in whole or in part, in order to facilitate or support victimization." *Id*. The "salient inquiry for the trial court is the identification of the impetus behind the commission of the crime, coupled with the extent to which the offender is likely to reoffend." *Commonwealth v. Dixon*, 907 A.2d 533, 536 (Pa. Super. 2006). However, the risk of reoffending is but one factor to be considered when making an assessment; it is not an "independent element." *Commonwealth v. Morgan*, 16 A.3d 1165, 1170–1172 (Pa. Super. 2011) (citations omitted).

When the defendant is convicted of an offense listed in 42 Pa.C.S. § 9799.14, the trial court orders the Sexual Offender Assessment Board to evaluate whether to recommend classifying the defendant as an SVP. *Commonwealth v. Hollingshead*, 111 A.3d 186, 189 (Pa. Super. 2015). The evaluator whom the Board selects to perform the assessment must

weigh the following fifteen factors: whether the instant offense involved multiple victims; whether the defendant exceeded the means necessary to achieve the offense; the nature of the sexual contact with the victim; the defendant's relationship with the victim; the victim's age; whether the instant offense included a display of unusual cruelty by the defendant during the commission of the offense; the victim's mental capacity; the defendant's prior criminal record; whether the defendant completed any prior sentences; whether the defendant participated in available programs for sexual offenders; the defendant's age; the defendant's use of illegal drugs; whether the defendant suffers from a mental illness, mental disability, or mental abnormality; behavioral characteristics that contribute to the defendant's conduct; and any other factor reasonably related to the defendant's risk of reoffending. *See* 42 Pa.C.S. § 9799.24(b) (setting forth assessment factors). It is not necessary for all factors, or any particular number of them, to be present to support an SVP designation. ***Commonwealth v. Feucht***, 955 A.2d 377, 381 (Pa. Super. 2008).

The Board must submit its written assessment to the district attorney, 42 Pa.C.S. § 9799.24(c), who then files a praecipe to schedule an SVP hearing. 42 Pa.C.S. § 9799.24(e)(1). The Commonwealth has the burden at the hearing of proving by clear and convincing evidence that the defendant is an SVP. 42 Pa.C.S. § 9799.24(e)(3). The Commonwealth meets its burden by submitting evidence that is "so clear, direct, weighty,

and convincing as to enable the [trier of fact] to come to a clear conviction, without hesitancy, of the truth of the precise facts at issue."

***Commonwealth v. Meals***, 912 A.2d 213, 219 (Pa. 2006).

Our standard and scope of review is well-settled:

In order to affirm an SVP designation, we, as a reviewing court, must be able to conclude that the fact-finder found clear and convincing evidence that the individual is a[n SVP]. As with any sufficiency of the evidence claim, we view all evidence and reasonable inferences therefrom in the light most favorable to the Commonwealth. We will reverse a trial court's determination of SVP status only if the Commonwealth has not presented clear and convincing evidence that each element of the statute has been satisfied.

***Hollingshead***, 111 A.3d at 189.

In addressing Appellant's issue, the trial court opined as follows:

The issue raised by the Appellant for review presents a challenge to this Court's order finding him a Sexually Violent Predator. On January 19, 2016, a Hearing was held stemming from a praecipe filed by the Assistant District Attorney for the Commonwealth, which was based upon the evaluation of Dr. Melanie Cerone, Ph.D., member of the Pennsylvania Sexual Offenders Assessment Board. The Court issued an order based upon the Sexual Offenders Assessment Board's determination and the Hearing in which Dr. Cerone's report was admitted without objection as Commonwealth's Exhibit, C-1. (N.T. 1/19/16 p.24). The Court determined that Appellant had met the criteria established in 42 Pa.C.S.§ 9799.24. The Commonwealth established by clear and convincing evidence that the Appellant suffers from a mental abnormality/personality disorder that makes him likely to engage in predatory sexual offenses.

Dr. Cerone recorded that Appellant met the statutory definition of an SVP, because: (1) he has been convicted of a sexually violent offense, as set forth in SORNA Section 42 Pa.C.S. § 9799.14(b); and (2) he suffers from a personality disorder, namely Anti-Social Personality Disorder, that makes

- 11 -

him likely to engage in predatory sexually violent offenses within the meaning of SORNA, 42 Pa.C.S. § 9799.12. (C-1 p.10).

As to the first prong, Appellant has been convicted of a sexually violent offense. Sexual assaults on children are, by definition, "sexually violent." The term sexually violent predator is a legal term which basically subsumes the idea that a sexual violation is always violent. *Commonwealth v. Prendes*, 2014 Pa. Super. 151, 97 A.3d 337, 348, appeal denied, 105 A.3d 736 (Pa, 2014).

As to the second prong, Dr. Cerone concluded that Appellant suffers from Anti-Social Personality Disorder. She opined that there are four criteria for Mental Abnormality/Personality Disorder and applied them to the case *sub judice*:

(1) The individual has a congenital or acquired "condition" which is the impetus to the sexual offending;
She found that the Appellant suffers from Anti-Social Personality Disorder, which is the impetus to the sexual offending. This is considered to be a congenital or acquired condition.

(2) The individual suffers from a lifetime "condition";
Personality disorders are chronic, lifetime conditions.

(3) The "condition" over-rode the individual's emotional/volitional control;
Dr. Cerone determined that Appellant has a history of criminal offending. Despite his past experiences of being arrested, sanctioned and treated, his criminal behavior has persisted over time. This is sufficient evidence of a condition that over-rode his emotional/volitional control.

(4) Likelihood of re-offending.
There are two pathways to lifetime sexual offending- chronic antisociality and sexual deviancy. She opined that Appellant's behavior is consistent with an antisocial pathway. This has been shown to be a significant predictor of sexual offense recidivism.

(C-1 p.10). It is Dr. Cerone's professional opinion within a reasonable degree of professional certainty that Appellant suffers

from a Mental Abnormality or Personality Disorder as defined in the Act.

In the instant offense, Appellant first sexually assaulted his 11-year-old niece while she was sleeping. He sexually assaulted the victim on a second occasion three years later. Dr. Cerone found that Appellant has established a predatory pattern of offending and his behavior meets the statutory definition of predatory behavior.

It was Dr. Cerone's opinion, to a reasonable degree of professional certainty, that the Appellant currently meets the criteria set forth in the law to be classified as a Sexually Violent Predator.

Therefore, the Court found that the Appellant was a Sexually Violent Predator under 42 Pa.C.S. §9799.24(e)(4). On April 28, 2016, the court filed an Order and Findings determining that Appellant was determined to be a Sexually Violent Predator under 42 Pa.C.S. Section 9799.24. . . .

Trial Court Opinion, 8/19/16, at 7-9.

Our review of the record reflects that at Appellant's SVP hearing the Commonwealth presented the ten-page expert report of Dr. Melanie Cerone, who opined that Appellant is an SVP based upon various section 9799.24 factors. N.T., 1/19/16, at 5-7, 24. We have carefully reviewed the evidence, including the transcript from the SVP hearing, Dr. Cerone's report, the trial court's SVP order, and the thorough opinion drafted by the trial court. We agree with the trial court that the Commonwealth provided clear and convincing evidence that Appellant is an SVP. Therefore, Appellant's claim to the contrary fails.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 2/24/2017